IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DUSTIN SHANE MARTIN, | ) | CASE NO. CIV 05-156-S-BLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | MEMORANDUM DECISION |
| v. | ) | AND ORDER |
| | ) | |
| | ) | |
| INCLUSION, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it defendant Inclusion's motion for summary judgment, and plaintiff Martin's oral motion to amend or withdraw responses to Requests for Admission. The Court held oral argument on the motions on June 16, 2006, and took them under advisement. For the reasons expressed below, the Court will conditionally grant the motion to withdraw, withhold ruling on the motion for summary judgment, and award fees and costs to Inclusion.

## BACKGROUND

In April, 2005, Martin sued Inclusion, claiming that he was fired from his job there as an in-home caretaker because he is African-American. On November

*Memorandum Decision & Order - page 1*

17, 2005, Inclusion sent Martin a Request for Production of Documents and Requests for Admission as allowed under Rule 36. Under Rule 36(a), unless Martin responded to the Requests for Admission on or before December 19, 2005, the Requests would be deemed admitted.

It is undisputed that Martin failed to comply with that deadline. At best, the record contains some indication that he mailed responses (to the wrong address) on February 15, 2006. At any rate, Martin's response was late under Rule 36(a), and the Requests were therefore deemed admitted.

Inclusion responded by filing a motion for summary judgment, arguing that the deemed admissions negate each of Martin's five causes of action. Only on June 16, 2006, during oral argument on Inclusion's summary judgment motion, did counsel for Martin finally move to withdraw the deemed admissions under Rule 36(b) and provide the Court and counsel for Inclusion with answers to the requests.

## ANALYSIS

Rule 36(a) requires an answer (or objection) to requests for admission within 30 days, unless the time is shortened or lengthened by the court, or by agreement of the parties. Rule 36 is self-executing, meaning that failure of a party to respond to the request in a timely manner constitutes an automatic and "conclusive" admission of those matters set forth in the request or requests. Fed. R. Civ. P.

*Memorandum Decision & Order - page 2*

36(b); *see also, Asea, Inc., v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) (holding that "[i]t is undisputed that failure to answer or object to a proper request for admission is itself an admission: the Rule itself so states."). Thus, Inclusion was not required to make any motion before the Court in order for the requests to be deemed admitted by Martin.

At this point, when requests for admission are deemed admitted, "the proper course for a litigant that wishes to avoid the consequences of failing to timely respond to Rule 36 requests for admission is to move the court to amend or withdraw the default admissions in accordance with the standard outlined in Rule 36(b)." *Carney v. I.R.S.*, 258 F.3d 415, 420 (5th Cir. 2001). Under Rule 36(b), a district court has discretion to permit withdrawal or amendment of the admissions through a two-part test that asks (1) whether the presentation of the merits of the action will be subserved if withdrawal or amendment is allowed, and (2) whether the party who obtained the admission will be prejudiced by withdrawal or amendment of the admission. The test is an equitable one, balancing the right to a full trial on the merits with the parties' justified reliance on pre-trial procedures and the finality of issues deemed no longer in dispute. *See Crafton v. Blaine Larsen Farms, Inc.,* 2005 WL 3244451*1 (D. Idaho).

Once a motion to amend or withdraw is made, the burden shifts to the non-

*Memorandum Decision & Order - page 3*

moving party to show how the two prongs of Rule 36(b) are satisfied.  A detailed analysis of both prongs is not necessary in this case because Inclusion conceded during oral argument that it could not meet the burden of proof for either prong. Rather, Inclusion argued that given the permissive language of Rule 36(b), and the underlying circumstances of Martin's failure to comply with Rule 36, that the Court should use its discretion to deny Martin's motion.

However, given the Ninth Circuit's preference for deciding cases on the merits, and the absence of any prejudice to Inclusion, the Court will grant Martin's oral motion to withdraw or amend the deemed admissions, but will condition the granting of that oral motion upon Martin's prompt payment of the costs and fees incurred by Martin, as discussed below.  If the deemed admissions are withdrawn, the Court will be compelled to deny Inclusion's motion for summary judgment that was based entirely on those admissions.  If the deemed admissions are not withdrawn, it is equally clear that Inclusion is entitled to summary judgment.

The Court finds it appropriate to award costs and fees to Inclusion for the time its attorneys spent in pursuing its Motion for Summary Judgment.  Martin's counsel has conducted himself in an unprofessional manner, forcing defense counsel to incur unnecessary fees and costs, and wasting the time of this Court. The Court reaches this conclusion on the basis of the following conduct by

Martin's counsel.

At oral argument, counsel for Martin argued that the Court's delay in ruling on Martin's motion to amend his complaint created confusion that excused his failure to meet the response deadline for the requests for admission. The argument borders on perfidy by an officer of the Court for three reasons.

First, it simply makes no sense. The Requests for Admission went to the heart of Martin's case and were not tied to specific paragraphs or pages of any complaint in a way that might cause confusion – it was plainly obvious that the Requests must be answered whether the operative complaint was the original or the amended version.

Second, it is also plainly obvious that by December of 2005, all counsel were treating the amended complaint as the operative document without any confusion on that point. While Inclusion had earlier filed a motion to dismiss based on jurisdictional flaws in the original complaint, Inclusion withdrew that motion (and agreed that the amended complaint could be filed) in September of 2005, after Martin corrected the flaws in the amended complaint. On September 19, 2005, Inclusion filed an answer to the amended complaint.

Martin certainly displayed no confusion when he finally did get around to filing his responses to the Requests in February of 2006. Martin points to

*Memorandum Decision & Order - page 5*

absolutely nothing that happened between December of 2005 (when his responses were due) and February of 2006 (when he filed them) that would have clarified his "confusion" and prompted him to respond to the Requests.[1]

Third, Martin waited until oral argument on June 16, 2006, to finally make a motion to withdraw the deemed admissions that resulted from his late response, and to provide defense counsel with a copy of the responses. His "Notice" filed February 15, 2006, shows that he mailed his responses to the wrong address, and it is undated. Moreover, it only states that he sent responses to Requests for Production, and says nothing about sending responses to the Requests for Admission. Martin never established that he had actually responded to the Requests for Admission until he filed an affidavit of his paralegal after Inclusion was forced to file its motion for summary judgment. Even then, after Inclusion had notified Martin that it had never received the responses, Martin waited to provide them with a copy until the oral argument on the summary judgment motion was well underway.

The bewildering lack of professionalism displayed by Martin's counsel forced defense counsel to waste time and effort to file a motion for summary judgment, and further wasted the time of this Court. Accordingly, the Court will

---

[1] The Court granted the motion to amend on March 19, 2006.

*Memorandum Decision & Order - page 6*

award fees and costs to Inclusion and condition the granting of Martin's oral motion to withdraw the deemed admissions upon the timely payment of those fees and costs.  Counsel for Inclusion shall submit a petition for attorney fees and costs within ten days from the date of this Order.  Martin's counsel shall then have five days to object to the reasonableness of the fees and costs requested, and defense counsel five days thereafter to reply to any objections.  The Court will then resolve any objections without further argument.  Martin's attorney shall submit payment of those costs and fees to defense counsel within ten days of the Court's order, and simultaneously submit to the Court a separate proposed order granting Martin's oral motion to withdraw the deemed admissions and denying Inclusion's motion for summary judgment.  Conversely, if the costs and fees are not paid within ten days, Inclusions' attorneys shall submit to the Court a proposed order denying Martin's oral motion to withdraw the deemed admissions and granting Inclusion's motion for summary judgment.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED that consistent with the foregoing, the Court RESERVES RULING on Inclusion's motion for summary judgment (docket no. 25).

*Memorandum Decision & Order - page 7*

IT IS FURTHER ORDERED that Martin's motion to amend or withdraw admissions (docket no. 38) is CONDITIONALLY GRANTED.

IT IS FURTHER ORDERED, that Martin's counsel shall pay the attorney fees and costs incurred by Inclusion's counsel in preparing and arguing the motion for summary judgment and motion to withdraw admissions.  Defense counsel shall submit a petition for fees and costs within ten (10) days from the date of this decision.  Plaintiff's counsel shall have five (5) days thereafter to file any objections to the reasonableness of the costs and fees sought, and defense counsel shall have five (5) additional days to file a reply to any such objections.  The Court will then issue an order setting the amount of fees and costs awarded.

IT IS FURTHER ORDERED, that Martin's counsel shall have ten (10) days from the date of the Court's order to pay to Inclusion the costs and fees ordered by the Court.  Upon receiving verification that the costs and fees have been paid, the Court will enter an order, to be prepared by Martin's counsel, which grants the oral motion to withdraw the deemed admissions and denies Inclusion's motion for summary judgment.  If the costs and fees are not paid within ten (10) days, the Court will enter an order, prepared by Inclusion's counsel, which denies the oral motion to withdraw the deemed admissions and grants Inclusion's motion for summary judgment.

*Memorandum Decision & Order - page 8*


DATED: **June 23, 2006**

_____
B. LYNN WINMILL
Chief Judge
United States District Court