IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DUSTIN SHANE MARTIN,           )<br>                                                     )<br>                      Plaintiff,       )<br>                                                     )<br>       v.                                          )<br>                                                     )<br>INCLUSION, INC.,                      )<br>                                                     )<br>                      Defendant.  )<br>_____ ) | Case No. CV-05-156-S-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

The Court has before it Inclusion's motion to exclude and motion to compel and for sanctions. The Court heard oral argument on March 8, 2007, and the motions are at issue. For the reasons expressed below, the Court will grant the motions in part, and will exclude all evidence of actual damages, limit plaintiff to just two witnesses, and award certain fees and costs to Inclusion. However, because the plaintiff may still seek nominal damages, the case cannot be dismissed. The Court will move the trial from March 19, 2007, to April 2, 2007.

## LITIGATION BACKGROUND

On November 17, 2005, Inclusion served Martin with its first set of discovery requests, including requests for admission, requests for production of

**Memorandum Decision and Order – Page 1**

documents, and interrogatories. Specifically, one of the interrogatories asked for Martin to "provide a statement itemizing in full and complete detail the amount of damages claimed by the plaintiff . . . ."

Martin's counsel responded that he "will submit upon availability." However, he failed to provide this response, or any other, to Inclusion by the deadline for a response, which was December 17, 2005. *See* Rule 33(b)(3). On February 15, 2006, Martin's counsel filed a Notice of Service of Discovery Documents stating that he had served "Responses to Requests for Production" on Inclusion's counsel "on the ____ day of February, 2006." The blank was not filled in. This Notice fails to state that Martin's counsel served Inclusion with any response to either (1) the requests for admission or (2) the interrogatories.

About a month later, on March 23, 2006, Inclusion filed a motion for summary judgment on the ground that Martin's failure to answer the requests for admission results in them being deemed admitted, effectively gutting his case. In response, Martin's counsel filed the affidavit of his secretary, Johanna Simon, who stated that she had mailed responses on February 18, 2006, *to all three of the discovery requests,* not just the Requests for Production. *See Affidavit of Simon* (Docket No. 32).

According to Simon's affidavit, she sent the documents to the wrong zip

**Memorandum Decision and Order – Page 2**

code. *See Affidavit of Charney* (Docket No. 34). Inclusion's counsel said he never received them. *Id.* Even if he had, those responses contained no information on damages. *See Exhibit A(1) to Motion to Compel* (Docket No. 54).

At the hearing on June 16, 2006, Martin's counsel hand-delivered answers to the requests for admission to Inclusion's counsel, but failed to provide any answer to the damage interrogatory. At the hearing, the Court admonished Martin's counsel for failing to answer the discovery requests in a timely fashion. The Court urged Martin's counsel to provide full responses.

The Court followed this up with a written decision, filed on June 23, 2006, reserving ruling on Inclusion's motion for summary judgment. The Court held that the requests for admission would not be deemed admitted if Martin's counsel paid the fees and costs incurred by Inclusion on this issue. However, if Martin did not make that payment, the Court would deem admitted those requests and grant summary judgment for Inclusion. The Court directed Inclusion to file a petition on its fees and costs.

Inclusion filed that petition, and on September 6, 2006, the Court awarded $2,960 in fees and costs to Inclusion. Martin paid those fees on September 13, 2006.

On October 16, 2006, in an effort to get some discovery about Martin's case,

**Memorandum Decision and Order – Page 3**

Inclusion's counsel prepared a Notice of Deposition, setting Martin's deposition for November 10, 2006.  Martin's counsel informed Inclusion's counsel that Martin would not attend the deposition because it was set outside the discovery deadline that had expired on July 20, 2006.  Martin failed to file any motion for protective order and also failed to attend the deposition.

On October 30, 2006, Inclusion's counsel reminded Martin's counsel by letter that no responses to the interrogatories had ever been received.  On November 3, 2006, Martin's secretary, Johanna Simon, states (1) that she hand-delivered responses, including 170 pages of exhibits, to someone named "Jake" at the office of Inclusion's counsel, (2) that she watched this person sign for the responses, but (3) that she could not locate that signed receipt.  *See Simon Affidavit* (docket no. 58).

Inclusion's counsel states that he never received those responses.  The "Jake" mentioned in Simon's affidavit was Jacob Deaton, and he filed his affidavit stating that he was in Canada from November 1, 2006, to November 6, 2006.  *See Deaton Affidavit*.  Regardless, the responses prepared by Martin contain no information on damages. *See Exhibit A(1) to Motion to Compel* (Docket No. 54).

On December 7, 2006, Inclusion's counsel called Martin's counsel to ask about the responses.  The next day, Martin's counsel faxed the responses to

**Memorandum Decision and Order – Page 4**

Charney. Again, those responses contain no information on damages. *Id*.

The faxed responses refer to "exhibits" but failed to contain the exhibits. Regardless, it is undisputed that the 170 pages of exhibits referred to in Martin's fax contain no information whatsoever on damages.

Finally, on January 29, 2007, Martin provided some minimal information on damages. He stated that he was seeking "lost wages and benefits in the amount of $30,000." He also claimed (1) "job-search expenses" of $600; (2) "Moving to take new job" expenses of $4,000; (3) "Other damages" of $12,000 that included the loss of a home, the repossession of a vehicle, "no health insurance to take care of medical needs," and "other." Finally he claimed $50,000 in punitive damages.

That was the sum total of Martin's response. It gave Inclusion no hint as to how Martin arrived at these sums. No receipts or other documents are provided.

This response was made just 49 day prior to the trial date, set on March 19, 2007. That trial date had been set by the Court back on October 24, 2006. *See Order* (Docket No. 50).

This record shows, without dispute, that (1) Inclusion requested detailed information on damages on November 17, 2005; (2) Martin provided no information on damages whatsoever for 14 months; and (3) just 49 days prior to trial, and 6 months after the close of discovery, Martin finally provided some

**Memorandum Decision and Order – Page 5**

minimal information on damages that still did not answer the original interrogatory that had requested "a statement itemizing *in full and complete detail* the amount of damages claimed by the plaintiff . . . ."  (emphasis added).

Inclusion has filed a motion to compel and for sanctions, and a motion to exclude evidence.  This latter motion seeks to exclude, among other things, all evidence of damages on the ground that Martin failed to provide an answer to Inclusion's interrogatory asking for damage information.

## ANALYSIS

Despite being asked in an interrogatory to provide detailed information on damages, Martin failed to provide any information on damages until January 29, 2007.  Even then, his response at that late date was so minimal that it cannot be credited as a response at all.

Sanctions for such a failure are set forth in Rule 37(d), and they include the sanctions listed in Rule 37((b)(2)(B), one of which involves "prohibiting that party from introducing designated matters in evidence."  Thus, one option is to exclude all evidence of damages.  Another option under the Rule is to issue an "order . . . staying further proceedings," *i.e.* continuing the trial, until further discovery on damages could be completed.

Certainly, this latter option, if selected, must be accompanied by a

**Memorandum Decision and Order – Page 6**

substantial award of fees and costs to Inclusion. The award of monetary (instead of exclusionary) sanctions certainly has the beneficial effect of allowing the full merits of a case to proceed to trial, an important factor in this Circuit. *See Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir.1997). Yet if applied often, it creates a perverse incentive. The expense of violating court orders becomes nothing more than another cost of doing business. *See, Electronic Discovery Misconduct,* 61 Miami L. Rev. 289, 326 (2007) ("discovery is such a high stakes game . . . that monetary sanctions . . . are too often seen as simply the cost of doing business").

For this very reason, the Court must guard against the mechanical application of simple monetary sanctions for repeated violations. While the exclusionary remedy may be far down the list of options for a first offense, it rises to the very top for a repeat offender.

That is the case here – Martin has already been spared an exclusionary sanction once. Now it rises to the top of the list for this offense, especially given the Court's prior admonishment to counsel to provide timely discovery responses.

The Court therefore finds that Martin's evidence of actual damages will be excluded from trial as a sanction under Rule 37(d) (and (b)(2)(B)) for the failure of Martin's counsel to provide a proper answer to Inclusion's discovery requests on damages. The Court would also have limited Martin's witnesses on the same

**Memorandum Decision and Order – Page 7**

ground, except that Martin's counsel conceded at the hearing that he only intended to call Martin and Brandon Smalley, who had been listed as a witness by the defense. The Court will therefore limit Martin to these two witnesses at trial.

The lack of damage evidence is not necessarily fatal to Martin's Title VII discrimination claim. Damages are not an element of a claim under Title VII. *See Hashimoto v. Dalton*, 118 F.3d 671, 676 (9th Cir.1997) (noting that this Circuit has recognized "the distinction between a violation [of Title VII] and the availability of remedies"). Although no longer entitled to any actual damages, Martin may be entitled to nominal damages, which in turn could lead to an award of fees and costs. *See Farrar v. Hobby,* 506 U.S. 103, 112-14 (1992).

Thus, Martin's Title VII case is still alive even though damages have been excluded. Inclusion's counsel argued that with just two witnesses, Martin will not be able to provide admissible testimony about the hearsay statements that gave rise to his Title VII claim of discrimination.[1] Even so, Inclusion's retaliation claim would remain because it turns not on hearsay but on whether Inclusion retaliated against Martin for his complaint of discrimination.

The Court was not aware of these issues when it told counsel that trial would not be proceeding on March 19th. No party had alerted the Court that a claim for

---

[1] The Court expresses no opinion on this argument that will have to be addressed at trial.

**Memorandum Decision and Order – Page 8**

nominal damages would remain even without evidence of actual damages.  Now that the Court's own research has uncovered this line of cases, it becomes apparent for the first time that a trial is still necessary even without evidence of actual damages.  Because it would be unfair to require counsel to proceed to trial on March 19th, the Court will reset trial for April 2, 2007.

If Inclusion desires a continuance of trial, the Court may have to reconsider allowing damages back into the case because a continuance would remove the underpinnings for the court's conclusion that "staying further proceedings" is not an appropriate sanction.  However, if Inclusion desires a continuance,  the Court may also award further fees and costs against Martin as a condition to allowing damages back into the case.

The malfeasance of Martin's counsel does not end here.  He also refused to provide his client for a noticed deposition without filing a motion for protective order.  Rule 37(d) states that a failure to attend cannot be excused on the ground that the deposition was objectionable "unless the party failing to act has a pending motion for protective order . . . ."  Thus, the fact that the deposition was set after the discovery deadline cannot excuse Martin's non-appearance because Martin never filed a motion for a protective order.  In addition, Inclusion was forced to notice up the deposition at that late date only because (1) Martin had completely

**Memorandum Decision and Order – Page 9**

failed to provide discovery responses, and (2) Inclusion had to wait for the Court to rule on Martin's deemed admissions (discussed above) to determine whether the case would even survive.  Thus, Martin employs as an excuse a problem that he caused.

Moreover, the Court finds that the conduct of Martin's counsel required Inclusion to file the motion to compel and the motion to exclude.  These motions would not have been filed if Martin' counsel followed the rules and deadlines in this case.  For that reason, the Court will award Inclusion the fees and costs it incurred in filing these two motions.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel and for sanctions (Docket No. 54) and the motion to exclude (Docket No. 63) are GRANTED IN PART AND DENIED IN PART.  The motions are granted to the extent that they seek to exclude Martin's evidence of actual damages and to exclude any witnesses for Martin other than himself and Brandon Smalley.  The motions are denied in all other respects.

IT IS FURTHER ORDERED, that the present trial date of March 19, 2007, is VACATED and that a new trial date is set for April 2, 2007, at 1:30 p.m. in the

**Memorandum Decision and Order – Page 10**

James A. McClure Federal Building and U.S. Courthouse in Boise, Idaho.

IT IS FURTHER ORDERED, that plaintiffs' counsel shall pay to Inclusion the fees and costs incurred by Inclusion in preparing and arguing the motions to compel and to exclude. Inclusion's counsel shall file a petition for those fees and costs within ten (10) days from the date of this Order.



DATED:  **March 13, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 11**